IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| DARRIN JONES, | * | |
| Plaintiff, | * | |
| vs. | * | CASE NO. 4:25-CV-271 (CDL) |
| ABEL TESFAYE, *et al.*, | * | |
| Defendants. | * | |

O R D E R

Darrin Jones brought this pro se copyright infringement action against music artists Abel Tesfaye (known as "the Weeknd") and Jordan Carter (known as "Playboi Carti"), as well as "music label" Interscope Records, "creative entity" A.W.G.E., and "distributor" Universal Music Group. Am. Compl. ¶¶ 2-6, ECF No. 8. Tesfaye and UMG Recordings, Inc. filed a motion to dismiss this action against them for lack of personal jurisdiction. As explained below, the Court grants the motion (ECF No. 23).[1]

DISCUSSION

Tesfaye and UMG Recordings ("Moving Defendants") move to dismiss the claims against them for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). They filed a waiver of service, which can establish personal jurisdiction over a

[1] Interscope Records is an unincorporated division of UMG Recordings, Inc. Lee Decl. ¶ 4, ECF No. 23-3. "Universal Music Group" is not a legal entity; the legal entity that includes Interscope Records is UMG Recordings, Inc. *Id.* ¶¶ 4, 8. Republic Records, another unincorporated division of UMG Recordings, was named as a Defendant in the original complaint but not the operative amended complaint.

defendant only if the defendant is "subject to the jurisdiction of a court of general jurisdiction" in Georgia or "when authorized by a federal statute." Fed. R. Civ. P. 4(k)(1). The Copyright Act does not provide for nationwide service of process. *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 856 (11th Cir. 1990) ("While jurisdiction exists in the district court for copyright . . . violations, there is no service of process provision[.]") (citing 28 U.S.C. § 1338). Therefore, the Court can only exercise personal jurisdiction over Tesfaye and UMG Recordings if they are subject to the jurisdiction of a court of general jurisdiction in Georgia.

"A plaintiff seeking to establish personal jurisdiction over a nonresident defendant 'bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction.'" *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013) (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)). "When a defendant submits non-conclusory affidavits to controvert the allegations in the complaint, the burden shifts back to the plaintiff to produce evidence to support personal jurisdiction." *Don't Look Media LLC v. Fly Victor Ltd.*, 999 F.3d 1284, 1292 (11th Cir. 2021).

Jones alleges that he lives in Georgia and is the "sole author and copyright owner of the musical composition and sound recording entitled 'Make Sure.'" Am. Compl. ¶¶ 10. He further alleges that

Defendants had access to his copyrighted work, which was "publicly available and circulated within the music industry." Am. Compl. ¶¶ 17, 21. Jones also asserts that Defendants' song "Timeless" is substantially similar to his copyrighted song "Make Sure." Finally, Jones alleges that personal jurisdiction exists over Tesfaye and UMG Recordings because Tesfaye "commercially distributes music nationwide . . . including within Georgia" and "Defendants purposefully directed infringing conduct toward Plaintiff knowing he was based in Georgia." Am. Compl. ¶¶ 2, 9.

Tesfaye and UMG Recordings argue that this Court cannot exercise personal jurisdiction over them. Jones, who did not respond to the Moving Defendants' arguments or evidence regarding personal jurisdiction in either of his response briefs, does not dispute that Tesfaye and UMG Recordings are not Georgia residents.[2] To exercise personal jurisdiction over nonresident defendants, the Court must find that the forum state's "long-arm statute provides a basis for personal jurisdiction" and, if so, that personal jurisdiction is proper under the Due Process Clause of the Fourteenth Amendment. *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996) (quoting *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 256 (11th Cir. 1996)).

[2] Tesfaye is Canadian citizen who lives in Florida. Tesfaye Decl. ¶ 3, ECF No. 23-2. UMG Recordings is a Delaware corporation whose principal place of business is in California. Lee Decl. ¶ 3.

In his complaint, Jones did not allege facts to suggest that Defendants transact business in Georgia, committed tortious acts in Georgia, or own property in Georgia.[3] Rather, Jones alleges that he suffered economic and reputational harm in Georgia caused by acts that Tesfaye and UMG Recordings took outside Georgia. The Court construes these allegations as seeking to establish personal jurisdiction under O.C.G.A. § 9-10-91(3), which permits personal jurisdiction over a nonresident who commits a tortious injury in Georgia caused by an act or omission outside Georgia "if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state." But Jones did not make any factual allegations in his complaint that Tesfaye or UMG Recordings regularly does or solicits business in Georgia, engages in a persistent course of conduct in Georgia, or derives substantial revenue from goods used or consumed or services rendered Georgia. He also did not rebut the Moving Defendants' evidence that they do not regularly do or solicit business in Georgia, engage in a persistent course of conduct in Georgia, or

[3] Tesfaye presented evidence that his contributions to the song "Timeless" occurred in California; that his co-creators' contributions occurred in Brazil, Florida, and France; that he does not own property in Georgia; and that although he tours the world to present concerts, Georgia is just one stop of many. Tesfaye Decl. ¶¶ 4-7. UMG Recordings presented evidence that it does not have offices in Georgia and is not registered to do business in Georgia. Lee Decl. ¶¶ 5-6. UMG Recordings also presented evidence that the sound recording "Timeless" was released and promoted nationally. *Id.* ¶ 7.

derive substantial revenue from Georgia. Thus, Georgia's long-arm statute does not permit the Court to exercise personal jurisdiction over Tesfaye and UMG Recordings in this action. Accordingly, the Court grants the motion to dismiss filed by Tesfaye and UMG Recordings (ECF No.23). All claims against Tesfaye and UMG Recordings are dismissed.

ORDER FOR SERVICE

The claims against Jordan Carter and A.W.G.E. remain pending. Jones is proceeding *in forma pauperis*. *See* Order Granting Mot. to Proceed IFP 1 (Jan. 12, 2026), ECF No. 5. The Court directed the U.S. Marshals Service to serve Defendants. Order Directing Service 9 (Apr. 23, 2026), ECF No. 10. Based on the Court's review of the docket, the U.S. Marshals Service sent a waiver of service form for Carter and A.W.G.E. to "Sperry Law" in Atlanta. There is no executed waiver of service by Carter or AWGE on the docket, and there is no indication that either of those Defendants has been served with the summons and a copy of the complaint. If Jones intends to pursue any claims against Carter and A.W.G.E., he must provide the correct addresses for these Defendants to the Clerk's office by November 23, 2026. After the Clerk issues the new Form USM-285, the U.S. Marshals Service shall serve Carter and A.W.G.E.

IT IS SO ORDERED, this 5th day of November, 2026.

s/Clay D. Land

CLAY D. LAND
U.S. DISTRICT COURT JUDGE